# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA
# SCRANTON DIVISION

| | |
|---|---|
| ELEANOR MYERS,<br><br>    Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendant. | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

# COMPLAINT

## *I. INTRODUCTION*

1.      This is an action for actual and statutory damages brought by Plaintiff, Eleanor Myers, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3.     Plaintiff, Eleanor Myers, is a natural person with a permanent residence in Lake Ariel, Wayne County, Pennsylvania 18436.

4.     Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, discussed with Plaintiff's daughter Plaintiff's credit report and bank accounts.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to take legal action against Plaintiff.

9. Defendant told Plaintiff that she had to make a $17,000 payment and told Plaintiff that if she did not $17,000.00 payment within 2 weeks they will take her and her daughter to court and get the funds that way.

10. Defendant has no standing to commence legal proceedings on behalf of the creditor.  In addition, the Defendant did not commence any proceedings in this two week period meaning that the representation is hard.

11. Defendant is a debt collection company, and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter

3

back to the creditor with a recommendation that the original creditor attempt legal proceedings.

12. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

13. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

14. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

15. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V.  CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

(b) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the

consent of the Plaintiff and the contact was not in a manner covered by §1692b of the FDCPA; and

(c) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(d) Defendant violated §1692d(2) of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(e) Defendant violated §1692e of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(f) Defendant violated §1692e(5) of the FDCPA by threatening to take action that the Defendant does not intend to take; and

(g) Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection of the alleged debt and/or obtaining information concerning the Plaintiff; and

(h) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Eleanor Myers, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Eleanor Myers, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,

DATED: February 15, 2013

By: /s/ Josh Baer_____
Josh Baer, Esq.
PA Bar No. 87476
MARGOLIS EDELSTEIN
170 S. Independence Square W.
The Curtis Center, Suite 400E
Philadelphia, PA 19106-3337
215.922.1100 (Phone)
jbaer@margolisedelstein.com

*Attorney for Plaintiff, Eleanor Myers*